**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HARTFORD FIRE INSURANCE COMPANY,
Plaintiff-Appellant,

v.

No. 95-1291

CARTERET COUNTY, NORTH CAROLINA;
BIVENS ARCHITECTURAL GROUP, P.A.;
CARL S. BIVENS,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CA-94-19-4-H)

Argued: May 7, 1996

Decided: June 13, 1996

Before HALL, WILKINS, and LUTTIG, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Clyde Hamilton Jarrett, III, OGLETREE, DEAKINS,
NASH, SMOAK & STEWART, L.L.P., Raleigh, North Carolina, for
Appellant. Donald R. Teeter, POYNER & SPRUILL, L.L.P., Raleigh,
North Carolina; Joseph C. Moore, III, YOUNG, MOORE, HENDER-
SON & ALVIS, P.A., Raleigh, North Carolina, for Appellees. **ON
BRIEF:** L. Franklin Elmore, OGLETREE, DEAKINS, NASH,

SMOAK & STEWART, L.L.P., Greenville, South Carolina, for Appellant. Eric P. Stevens, POYNER & SPRUILL, L.L.P., Raleigh, North Carolina; Brian E. Clemmons, YOUNG, MOORE, HENDER-SON & ALVIS, P.A., Raleigh, North Carolina; Stephen M. Valentine, County of Carteret Attorney, Beaufort, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Hartford Fire Insurance Company brought this action against Carteret County, North Carolina, Carl S. Bivens, and Bivens Architectural Group, P.A., seeking a declaration of its obligations under a surety bond securing Leader Construction Company's performance of a contract with the County to construct a jail. It also sought a declaration that Bivens performed negligently as the architect for the project when certifying the percentage of completion. Hartford now appeals the decision of the district court declining to exercise its authority to entertain Hartford's declaratory judgment action. See 28 U.S.C.A. § 2201(a) (West 1994). Because subsequent to the ruling of the district court Hartford received all of the relief to which it would be entitled if we were to rule in its favor, we conclude that Hartford is seeking merely an advisory opinion. We, therefore, dismiss this appeal.

I.

Hartford filed this action in federal district court, basing jurisdiction on diversity of citizenship. Defendants moved to dismiss, asserting that the district court should decline to entertain Hartford's declaratory judgment action. Exercising its "unique and substantial discretion" in this matter, see Wilton v. Seven Falls Co., 115 S. Ct. 2137, 2142 (1995), the district court dismissed Hartford's action, cit-

2

ing unsettled issues of state law in which the County possessed a significant interest in obtaining a state-court decision, e.g., whether the County was immune from suit. Hartford appealed.

Thereafter, while the appeal was pending, the County filed an action against Hartford in state court arising out of the same dispute. Since complete diversity of citizenship existed, Hartford removed the action to federal court and filed a counterclaim against the County. In addition, Hartford filed a third-party complaint against Bivens. At this juncture, that action is ongoing, the district court having denied the County's motion for remand.

II.

"`The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy,' and `a federal court [lacks] the power to render advisory opinions.'" United States Nat'l Bank of Or. v. Independent Ins. Agents of Am., Inc., 508 U.S. 439, 446 (1993) (alteration in original) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). At oral argument, Hartford agreed that if we were to accept its argument that the district court improperly dismissed its declaratory judgment action, it would receive only the opportunity to proceed to have the district court address the merits of its claim, i.e., declare its obligations under the surety bond and determine whether Bivens was negligent. However, because the action filed by the County currently is proceeding in the district court, Hartford already enjoys the ability to present these issues to the district court for resolution in the ongoing action.

Recognizing its dilemma, Hartford candidly admitted during oral argument that its position vis-a-vis this litigation will not be affected by our decision, but that it seeks to obtain a ruling to establish precedent that it is appropriate for the district court to consider declaratory judgment actions under these circumstances. We are not, however, authorized to provide Hartford with an advisory opinion, and accordingly we dismiss this appeal.

DISMISSED

3